IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOSHUA BREWSTER, | ) |
| Plaintiff, | ) |
| v. | ) |
| ROBERTSON COUNTY TENNESSEE, | ) JURY DEMAND |
| ROBERTSON COUNTY JAIL, | ) |
| Correctional officer MARSHAL GILLIS, | ) |
| SERGEANT. DAVID JONES, and | ) |
| SHERIFF MIKE VANDYKE in their | ) |
| Individual and Official Capacities, | ) |
| Defendants | ) |

## COMPLAINT

**INTRODUCTION**

1. This case involves the egregious abuse of power by jail correctional officers, Defendant correctional officer Marshal Gillis, his supervisor Defendant Sgt. David Jones, and Sheriff Mike Vandyke. Gillis employed the use of chemical spray against a defenseless Plaintiff, who was restrained, seated, and constituted no threat to the safety and security of the correctional officers or the jail itself.

2. When Plaintiff partially moved from his seated position to shift his uncomfortable pants, Defendant Gillis with the approval of Sgt. Jones applied a chemical spray to the back of Plaintiff's head. During this act, Plaintiff was seated with his hands cuffed behind his back and presented no threat to the safety or security of the officers or the jail. Gillis acted for the express purpose to maliciously and sadistically cause harm to Plaintiff.

## JURISDICTION AND VENUE

3. This action is brought pursuant to the Eighth Amendment to the Constitution of the United States, 42 U.S.C. § 1983, and Tenn. Code Ann §39-13-101. The Court has jurisdiction under 28 U.S.C. §§133, 1343(a) and supplemental jurisdiction under 28 U.S.C. §1367 for state law claims.

4. Venue is proper in the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Joshua Brewster was an inmate incarcerated in the Robertson County Jail in Springfield Tennessee, at the time of the egregious physical abuse perpetrated upon him by Defendants.

6. Defendant Marshal Gillis worked as a correctional officer for the Robertson County Jail at the time of the offense. Defendant is sued in both his individual and official capacity.

7. Defendant Sergeant David Jones worked as a correctional officer in the Robertson County Jail at the time of the physical abuse perpetrated upon Plaintiff and supervised officer Gillis at the time of the offense. He is also sued in both his individual and official capacity.

8. Defendant Michael VanDyke was Sheriff of Robertson County and oversaw the Robertson County Jail operations and its correctional officers at the time of the offense. He is sued in both his individual and official capacity.

9. Defendant Robertson County Tennessee is a county government organized under the laws of the State of Tennessee which owns and operates the Robertson County Jail in Springfield, Tennessee.
10. Robertson County Jail is a correctional facility owned and operated by Robertson County Tennessee and supervised by Sheriff Vandyke.

## FACTS

11. On April 25, 2023, Plaintiff Brewster was housed in cell 3 of Q-pod.
12. Sometime late in the evening of that date, approximately eight officers came into Q-pod to search cell 3.
13. Plaintiff----along with inmates Charles Birdwell, Skylar Richards, and Daniel Rosche---were removed from cell 3 and permitted to stand and observe the search proceedings while their hands were cuffed behind their backs.
14. At some point all inmates were directed to sit at tables in Q-pod with their hands cuffed behind their backs.
15. Correctional officer Marshal Gillis stated that he would use his chemical spray on any inmate who might stand.
16. Plaintiff correctly stated to Sergeant David Jones that correctional officers were not permitted to use chemical spray on inmates who were in restraints and did not present a threat to anyone.
17. Defendant Sergeant Jones responded by telling Plaintiff the correctional officer could use chemical spray on an inmate who defied a lawful order.

18. After this conversation took place, Plaintiff attempted to adjust his pants because they were uncomfortable by moving off the stool from his seated position and shifting his body. Plaintiff did not stand in doing this and his hands were cuffed behind his back.

19. Plaintiff did not constitute or represent a threat to anyone.

20. Plaintiff then noticed officer Gillis take out his CDF spray and walk towards him. Plaintiff asked Sergeant Jones to instruct officer Gillis not to spray him.

21. Sergeant Jones replied to Plaintiff saying "I got you" then stated that officer Gillis gave Plaintiff a lawful order.

22. Officer Gillis then sprayed Plaintiff twice in the back of his head and told Plaintiff to turn around so that he could spray him in the face.

23. At no time during this incident did Plaintiff represent a threat to jail security or to officers Gillis and Jones.

24. At no time was it necessary that chemical spray be employed against Plaintiff in a good faith effort to maintain or restore discipline.

25. The actions of officer Gillis were carried out maliciously and sadistically to cause harm to Plaintiff.

26. Sergeant Jones had the power and authority to prevent officer Gillis' actions but failed to do so.

27. The actions of officer Gillis and Jones were objectively unreasonable.

28. The actions of Gillis resulted in criminal charges being brought against him by Robertson County prosecutors.

29. The actions of Gillis resulted in the termination of his employment from the jail staff.

30. As a result of Defendant Gillis applying chemical spray to his person, Plaintiff suffered severe and painful burns to the back of his head and neck.

31. Defendant Sergeant David Jones informed Plaintiff that officer Gillis could spray him while his hands were restrained behind his back and therefore condoned the actions of defendant officer Gillis.

32. In response to grievances which Plaintiff has filed, Captain Arnold stated, "this has been looked into and will be taken care of."

33. Plaintiff Brewster has exhausted his administrative remedies via the jail's kiosk system.

## CAUSES OF ACTION

34. Defendant Sergeant David Jones' failure to act to prevent officer Gillis from administering chemical spray to Plaintiff constituted a deliberate indifference to Plaintiff's safety, and ultimately resulted in malicious and sadistic injuries to Plaintiff and painful burns to the back of his neck and head in violation of the Eighth Amendment of the United States Constitution.

35. The objective unreasonable and excessive force purposefully and knowingly applied by Defendants Gillis, Jones, and VanDyke violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

36. Defendant VanDyke, as supervisor of jail operations, failed to properly supervise the actions of officers Gillis and Jones.

37. The actions of Defendant Gillis constitute Assault and Battery against Plaintiff in violation of the laws of the State of Tennessee (Tenn. Code Ann. §39-13-101).

# RELIEF

Wherefore, Plaintiff prays for the following relief:

(a)  That judgment be rendered in favor of Plaintiff and against Defendants, on all causes of action asserted herein;

(b)  That declaratory judgment be rendered that the acts and conduct complained of herein were unconstitutional in violation of the U.S. Constitution;

(c)  That Plaintiff be awarded those damages to which it may appear that he is entitled by proof submitted in this case in an amount not less than $100,000;

(d)  That punitive damages be awarded against the Defendant as allowed by the law in an amount to be determined by a jury not less than $100,000;

(e)  That Plaintiff be awarded reasonable costs, expenses and attorneys' fees as authorized by 42 U.S.C. § 1988 and applicable state law;

(f)  That Plaintiff receive any such other, further and general relief as this Honorable Court deems just and proper and/or permitted by law. and

(g)  That a jury be impaneled to try and resolve any and all issues in this case.

Respectfully Submitted,

CORLEY HENARD LYLE LEVY & LANGFORD PLC

/S/ James W. Edwards, #35601
James W. Edwards
177 East Main Street
Lancaster Bldg., Suite 4
Hendersonville, Tennessee 37075
Tel: 615-590-7005
Fax: 615-590-7768
Email: lawyerjim41@gmail.com

<u>/S/ David Hudson Jr. # 01674</u>
David Hudson Jr.
600 12th Avenue South #434
Nashville, Tennessee 37203
Cell:615-429-2883
Fax: 615-590-7768